IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| ROBERT VINCENT BAGENT, et al. ) <br> ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> ) <br> GLOBAL PRODUCT SOLUTIONS, et al. ) <br> ) <br> Defendants ) <br> ) | Civil Action No. MJG 01-3821 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>JOINT MOTION TO APPROVE SETTLEMENT</u>

COME NOW, the undersigned parties, and present to this Honorable Court their Joint Motion to Approve Settlement ("Joint Motion") in the above-captioned civil action, and state:

1. Class Counsel filed suit on behalf of a putative class of the former employees of two companies, Forms Direct, Inc. ("FDI") and Global Product Solutions, Inc. ("GPSI") on December 10, 2001. Subsequently, it was learned that Defendant GPSI had been placed in involuntary bankruptcy. Accordingly, this action proceeded only against the individual Defendants, all of whom were either principals, officers, or executive-level employees of the bankrupt corporate defendant, GPSI.

2. This case proceeded through the discovery stage, with Defendants Ralph X. Stone and Stone Investment Banking, LLC ("SIB") represented by undersigned counsel John Wyman, Esquire. The other Defendants were unrepresented in this matter.

3. Following three (3) meetings to mediate this matter before United States Magistrate Judge Paul Grimm, the parties reached a settlement by exchange of letters on February 20, 2004.

4. The parties agree that they are settling the allegations of the statutory violations brought against the Defendants under 29 U.S.C. § 2101, the Workers Adjustment Retraining and Notification ("WARN") Act, and 29 U.S.C. § 201, the Fair Labor Standards Act (the "FLSA"). All other claims in this case will be dismissed with prejudice by the Plaintiff class. Further, the Plaintiffs are voluntarily dismissing their claims against individual Defendants Peter Murphy and Peter Smith.

5. Under the terms of the settlement agreement, Defendants Stone and SIB will pay the Plaintiffs a total of Fifty-Five Thousand Dollars ($55,000.00), payable in even monthly installments of $3,055.55 over a period of eighteen (18) months. The first payment will be due on September 1, 2004 and each subsequent payment will be due on the 1st day of each following month.

6. All payments made by these Defendants will be made payable jointly to the law firm of Greber & Burgoon, P.C. and the Class Representatives. All payments will be deposited into the escrow account of Greber & Burgoon, P.C. when received.

7. For the sake of administrative economy, payments will be disbursed to the class members at three (3) intervals. The first payment will be distributed within thirty (30) days following the receipt of the sixth payment, the second payment will be distributed within thirty (30) days following the receipt of the twelfth payment, and the third and final payment will be distributed within thirty (30) days following the receipt of the eighteenth and final payment. The Court will retain jurisdiction over all of the parties

until all of the payments have been made and a notice of satisfaction has been filed with this Court.

8. Class Counsel and the Class Representatives propose that the payments be distributed to each of the class members pro rata, based on the percentage that their final wage rate bears in relation to the total value of the wage rate of the entire class. The ratio will be calculated based upon the final wage rates as reflected in the attached certified ADP payroll data. See Exhibit A. This document was produced by ADP during the discovery process. ADP was the outside payroll company for all GPSI employees. This document represents ADP's final calculation of wage rates that would have been due to the Plaintiffs for the last payment cycle during which GPSI operated in early October, 2001.

9. Class Counsel will file, pursuant to Federal Rule of Civil Procedure 54(d)(2), a Petition for Attorneys' Fees as directed by this Court. Class Counsel's fees will come from the settlement amount paid by the Defendants, and not as an addition to the total payment of $55,000.00.

10. Notice of this Joint Motion, along with a complete copy of the Joint Motion, has been sent to all class members advising them of the requirements of Rule 23 relating to approval of class action settlements.

11. The Class Representatives, and undersigned counsel , believe and represent that this settlement is fair, reasonable, and adequate, given the protracted nature of this litigation, the numerous corporate and personal bankruptcies of Defendants that have participated in this litigation, the uncertainty of prevailing at trial, and the further uncertainty of collecting against individual defendants.

WHEREFORE, in consideration of the foregoing facts, the undersigned counsel jointly request that this Honorable Court approve the settlement of this case on the terms outlined herein.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ | /s/ |
| John Wyman, Esquire | Stephen S. Burgoon, Esquire |
| (signed by Stephen S. Burgoon with permission of John Wyman) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of July, 2004, a copy of this Joint Motion to Approve Settlement, which was electronically filed in this case on July 1, 2004, was mailed via first class mail, postage prepaid, to John Wyman, Esq., 97 North Court Street, Plymouth, Massachusetts 02360, attorney for Ralph Stone and Stone Investment Banking, LLC and Peter Murphy, 47 Common Street, Scituate, Massachusetts 02066, pro se, and Peter Smith, 170 Cromesett Road, Wareham, Massachusetts 02571, pro se.

/s/
Stephen S. Burgoon

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| ROBERT VINCENT BAGENT, et al. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. MJG 01-3821 |
| | ) | |
| GLOBAL PRODUCT SOLUTIONS, et al. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER APPROVING SETTLEMENT

Class Counsel and defense counsel have jointly moved for approval of a settlement in the above-captioned civil action. Following a hearing on the terms of the proposed settlement conducted by this Honorable Court on August 6, 2004, this Court finds, pursuant to Federal Rule of Civil Procedure 23(e)(1)(C), that the terms of the proposed settlement reached by the parties are fair, reasonable, and adequate.

This Court further finds that the mechanism proposed by the parties for payment to the members of class is reasonable.

This Court will retain jurisdiction over the parties to this settlement until all payments in satisfaction of this settlement have been completed.

Accordingly, this Court approves this settlement reached by the parties in this class action case.

_____  
Richard Bennett,  
United States District Judge